UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| H. JEFFREY BAKER | : Case No.: 3:18-cv-01792-MPS |
| *Plaintiff* | : |
| v. | : |
| MICHAEL BZDYRA, Individually and as Commissioner of the Department of Motor Vehicles State of Connecticut; MICHELLE GIVENS, Individually and as Prosecutor at Department of Motor Vehicles; JAMES QUINN, Individually and as Hearing Officer at Department of Motor Vehicles, | : |
| *Defendants* | : MAY 17, 2019 |

## REPLY TO PLAINTIFF'S OBJECTION TO STATE DEFENDANTS' MOTION TO DISMISS

State Defendants file this Reply Brief in response to the Plaintiff H. Jeffrey Baker's ("Plaintiff" or "Mr. Baker") Opposition to State's Motion to Dismiss dated May 4, 2019. Pl. Opp., Doc. 27. In support of the contention that Mr. Baker has standing to bring this action under 42 U.S.C. § 1983 ("§ 1983"), Plaintiff only cites to the case of Meaghan Watkins v. CT102, LLC d/b/a Metro Motors and Carvant Financial, LLC, Civil Action No. 3:18-cv-84-AWT. The Watkins case has no bearing on Mr. Baker's standing in the present action because Mr. Baker was not a party to that case. See Watkins, 3:18-cv-84-AWT, Doc. 1. A review of the docket sheet in Watkins, including the Court Order (*Merriam, J.*) referenced in Plaintiff's Opposition, confirms that Mr. Baker's status was not at issue. Watkins, 3:18-cv-84-AWT, Docs. 29, 29-1, 30. Even if "[t]he status of H. Jeffrey Baker is no different now than it was then" and

"the corporation is still open"[1] as Plaintiff suggests here, it is of no import because the defendant in Watkins was the corporation, CT102, LLC, not Mr. Baker, individually. Pl. Opp., Doc. 27, p. 1. In his Opposition, Plaintiff also is inconsistent as to his "status", referring to himself both as the "ex-president and former owner of CT102, LLC" and "owner of the corporation" in the same paragraph. Id. Regardless of Mr. Baker's status, the standing doctrine requires dismissal of Plaintiff's § 1983 action because it is brought by an individual Mr. Baker, and not CT102, LLC, the corporation that was party to the Department of Motor Vehicles administrative hearing ("DMV hearing") where the alleged constitutional violations occurred. See State Defendants' Memorandum of Law, Doc. 21-1, p. 8-14.

Plaintiff also failed to provide any facts, case law, or legal analysis in support of his § 1983 claim. Plaintiff's Opposition contains nothing more than conclusory statements that the State Defendants "deliberate[ly] violat[ed] his civil rights" and "criminal action [was] taken" during the DMV hearing. Pl. Opp., Doc. 27, p. 2. Likewise, Plaintiff provided no support for or details regarding the bald statement that "the action of state personnel" somehow waived qualified immunity and absolute immunity. For the reasons set forth in detail in the State

---

[1] The legal status of non-party CT102, LLC is irrelevant to the determination of Plaintiff's standing here. That said, State Defendants note that there are various inconsistencies about CT102, LLC's business status. Plaintiff's Complaint states that CT102, LLC "has been dissolved under Connecticut law." Compl. ¶ 2. Plaintiff's Opposition states that CT102, LLC is "currently open." Pl. Opp.; ECF 27, p. 1. A review of the docket sheet for Watkins v. CT102, LLC d/b/a Metro Motors and Carvant Financial, LLC, Civil Action No. 3:18-cv-84-AWT, reveals that CT102, LLC, represented by Attorney Olgin, filed a Request to Amend Scheduling Order to "cancel the [Court's] settlement requirements" because "[on June 29, 2018 ] CT102, LLC business filed papers with the Secretary of State voluntarily closing their business." Watkins, Doc. 29, p. 1. In its Request, CT102, LLC further represented that "counsel no longer ha[d] the authority to represent the business since it no longer exist[ed]." Id. CT102, LLC attached a Certificate of Dissolution that listed June 29, 2018 as the effective date of dissolution and was signed by H. Jeffrey Baker. See Watkins, Doc. 29-1, p. 2. As of May 16, 2019, the Connecticut Secretary of State Commercial Recording Division public records state that CT102, LLC's business status currently is "active."

Defendants' Memorandum of Law in support of the Motion to Dismiss, Plaintiff's Complaint should be dismissed in its entirety.

        STATE DEFENDANTS

        MICHAEL BZDYRA, in his official capacity as COMMISSIONER OF THE STATE OF CONNECTICUT DEPARTMENT OF MOTOR VEHICLES and INDIVIDUALLY; MICHELLE GIVENS, as PRESENTER AT THE DEPARTMENT OF MOTOR VEHICLES and INDIVIDUALLY; and JAMES QUINN, as HEARING OFFICER AT THE DEPARTMENT OF MOTOR VEHICLES and INDIVIDUALLY

        WILLIAM TONG
        ATTORNEY GENERAL

BY:         /s/
        Cara T. Keefe
        Assistant Attorney General
        55 Elm Street
        P.O. Box 120
        Hartford, CT 06141-0120
        Tel: (860) 808-5090
        Fax: (860) 808-5384
        Federal Bar No. ct28690
        E-mail: cara.keefe@ct.gov

## **CERTIFICATION**

I hereby certify that on May 17, 2019, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                        _____/s/_____
                                                                        Cara T. Keefe
                                                                        Assistant Attorney General
                                                                        State of Connecticut