UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| H. JEFFREY BAKER,<br>    Plaintiff, | No. 3:18-cv-01792 (MPS) |
| v. | December 5, 2019 |
| MICHAEL BZYDRA, *et al.*,<br>    Defendants. | |

## **RULING ON MOTION TO DISMISS**

Plaintiff H. Jeffrey Baker is the "ex-president and owner" of CT 102 LLC, which "has been dissolved under Connecticut law." Compl., ECF No. 1 ¶ 5. He has sued Michael Bzdyra, the Commissioner of the Connecticut Department of Motor Vehicles ("DMV"); Michelle Givens, a "presenter/prosecutor of cases" at the DMV; and James Quinn, a Hearing Officer at the DMV. These State employee defendants (the "State Defendants") are sued in their individual and official capacities. He has also sued Mark Goldman, who allegedly filed a complaint against CT 102 LLC with the DMV. Plaintiff alleges that, at a DMV hearing concerning Goldman's complaint, Goldman, apparently with the collusion of Givens, introduced a "fraudulent" tow slip as an exhibit. *Id.* ¶ 9. He alleges that although Quinn, the hearing officer, recused himself after Plaintiff filed an attorney disciplinary grievance against him, Givens, the "presenter/prosecutor," did not, and colluded with Goldman "to force" Plaintiff to "settle the case at an amount of money greater than the law permits by use of these fraudulent documents." *Id.* ¶¶ 8–9. He alleges that "[t]he hearing continued despite evidence of fraud which was offered before the [h]earing and presented to the DMV" by Plaintiff. *Id.* ¶ 1. He attaches to his complaint letters his lawyer sent to two local police departments alleging that Goldman had "fabricated a tow slip [at the DMV hearing] in order to increase the alleged damages he is attempting to collect regarding" the DMV

1

case. Compl. Exs. A–B, ECF No. 1 at 8-9. Plaintiff claims that all of this conduct violated his Fourteenth Amendment rights to "equal justice under the law." Compl., ECF No. 1 ¶ 32. The complaint seeks declaratory and injunctive relief, compensatory and punitive damages, and attorneys' fees.

The State Defendants move to dismiss for lack of subject matter jurisdiction, arguing that the plaintiff lacks standing and that the money damages claims brought against them in their official capacities are barred by the Eleventh Amendment. ECF No. 21. They also move to dismiss on grounds of qualified immunity and absolute immunity as well as on the ground that the complaint fails to state a claim. *Id.* Defendant Goldman joins in the State Defendants' motion. ECF No. 22. I GRANT the motion to dismiss for the reasons set forth below.

## **DISCUSSION**

I assume familiarity with the complaint and briefs supporting and opposing the motion to dismiss, including the portions of the underlying DMV record attached to the Defendants' motion to dismiss, which I consider only for background purposes and not for the truth of any statements made in those documents. I also accept all the factual allegations of the complaint as true for purposes of deciding the motion to dismiss.

First, the plaintiff lacks standing, which is a prerequisite to this Court's subject matter jurisdiction. Among other things, standing requires that the plaintiff have suffered an injury. Plaintiff fails to plead facts suggesting that he has. He alleges that Goldman's complaint to the DMV was filed against CT 102 LLC, which is not a party to this action. Compl., ECF No. 1 ¶ 9. Plaintiff alleges that he is the "ex-president and owner of" CT 102 LLC. *Id.* ¶ 5. This is insufficient to allege standing. Under Connecticut law, "a limited liability company is a distinct legal entity whose existence is separate from its member . . . . It has the power to sue or to be

sued in its own name . . . . A member or manager, however, may not sue in an individual capacity to recover for an injury based on a wrong to the limited liability company." *Padawer v. Yur*, 142 Conn. App. 812, 817 (Conn. App. 2013) (dismissing action for lack of standing where plaintiff sued in individual capacity under contract made by limited liability company of which plaintiff was sole member). The Second Circuit has applied a similar principle in cases involving corporations and shareholders. *See, e.g.*, *Rand v. Anaconda-Ericsson, Inc.*, 794 F.2d 843, 849 (2d Cir. 1986). It does not matter whether, as Plaintiff alleges, the limited liability company has "dissolved," because the complaint here alleges that the target of the underlying DMV complaint by Goldman was the limited liability company and, thus, only it could have been injured by the introduction of a fraudulent exhibit in the DMV hearing. *See, e.g. Houraney v. Burton & Assocs., P.C.*, No. 08-CV-2688, 2011 WL 710269, at *1 (E.D.N.Y. Feb. 22, 2011) (finding that plaintiff lacked standing to sue on behalf of his LLC for injury to the LLC, even where the LLC had dissolved). And the alleged dissolution of CT 102 LLC would not have prevented it from bringing this action. *See* Conn. Gen. Stat. § 34-267a(b)(2)(B) (providing that a dissolved limited liability company continues after dissolution for the purpose of winding up its affairs, including "prosecut[ing] … actions and proceedings, whether civil, criminal or administrative"). To the extent the complaint alleges an injury at all, it alleges that the injury was incurred by CT 102 LLC, not Plaintiff. The complaint must therefore be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

Second, even if the LLC were substituted as the plaintiff (which Plaintiff has not requested, even after reviewing and responding to the Defendants' motion to dismiss), the Court would still have to dismiss the official capacity claims for damages against the State Defendants under Rule 12(b)(1) because they are barred by the Eleventh Amendment. And the Court would

have to dismiss the remaining claims under Rule 12(b)(6) because they fail to state a claim under the standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

With respect to Defendant Goldman, the complaint asserts no claim against him. *See* Compl., ECF No. 1 ¶¶ 18–25, 31–34 (asserting count one against Bzdyra, Count Two against Quinn, and Count Four against Givens; the complaint includes no count three or any other counts).

With respect to Bzdyra, the Commissioner, the complaint fails to plead facts suggesting his personal involvement, as required for Section 1983 liability. The only act attributed to Bzdyra is that he "has failed to cancel." Compl., ECF No. 1 ¶ 19. Even if the Court construes this as an allegation that Bzdrya "has failed to cancel the hearing," there is no allegation that Bzdrya knew of the hearing or was involved in it in any way, let alone that he knew an exhibit introduced at the hearing was fabricated. In any event, failing to cancel a hearing, without more, did not violate the federal rights of CT 102 LLC and is therefore not actionable under Section 1983.

Finally, with respect to Quinn and Givens, both enjoy absolute immunity for the actions alleged in the complaint. The complaint accuses Quinn, the hearing officer, of "agreeing to go forward with a fraudulent exhibit that was actually entered and marked as a full exhibit," and "refusing to postpone or dismiss the hearing." *Id.* ¶ 23. These actions were taken in Quinn's capacity as a hearing officer, and Quinn is thus absolutely immune from liability for them, even if he acted in bad faith. *Durant v. New York City Hous. Auth.*, No. 12-CV-00937, 2012 WL 928343, at *2 (E.D.N.Y. Mar. 19, 2012) (noting that "absolute judicial immunity has been further applied to non-federal administrative hearing officers" and citing cases); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (noting that "judicial immunity is not overcome by allegations of bad faith

or malice"). As a "presenter/prosecutor" at DMV who is being sued because she allegedly knew "that a fraudulent document was placed into evidence at a hearing she participated in" and "covered up the fraud," Compl., ECF No. 1 ¶ 33, Givens enjoys a similar immunity. *Butz v. Economou*, 438 U.S. 478, 515 (1978) ("We also believe that agency officials performing certain functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to such acts."); *Burns v. Reed*, 500 U.S. 478, 487 (1991) (prosecutor enjoyed absolute immunity for actions related to his appearance as lawyer for state in probable-cause hearing, including examining witness and successfully supporting application for search warrant).

## **CONCLUSION**

Accordingly, the complaint is dismissed and the Clerk is instructed to close this case.

IT IS SO ORDERED.

                                                         /s/
                                       Michael P. Shea, U.S.D.J.

Dated:        Hartford, Connecticut
                December 5, 2019